# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DERRICK SCOTT (#126372)**                              **CIVIL ACTION**

**VERSUS**

**OFFICER HANEY, ET AL.**                                 **NO. 12-0439-JJB-DLD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 10, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DERRICK SCOTT (#126372)**                                    **CIVIL ACTION**

**VERSUS**

**OFFICER HANEY, ET AL.**                                       **NO. 12-0439-JJB-DLD**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Sgt. Haney and Legal Programs Director Trish Foster, complaining that the defendants violated his constitutional rights, commencing on March 7, 2012, when defendant Haney mishandled and destroyed some of the plaintiff's legal work and when defendant Foster thereafter failed to process an administrative grievance which the plaintiff had filed relative to defendant Haney's conduct. The plaintiff further contends that these actions were taken in retaliation for prior administrative grievances filed by him against prison officials.

Pursuant to 28 U.S.C. §§ 1915(g) and 1915A, this Court is authorized to dismiss an action brought by a prisoner against a governmental entity or officer or employee of a governmental entity if satisfied that the action is frivolous, malicious or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e). See also, Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). Such an action is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." Davis v. Scott, 157 F.3d 1003 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are

clearly baseless, a category encompassing allegations that are fanciful, fantastic and delusional. Neiztke v. Williams, supra, Denton v. Hernandez, supra. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. Id.; Ancar v. SARA Plasma, Inc., 964 F.2d 465 (5th Cir. 1992). A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed. See Green v. McKaskle, supra.

In his Complaint, the plaintiff alleges that on or about February 21, 2012, he filed an administrative grievance wherein he complained of inadequacies in the mental health care system at LSP. He also stated in that grievance that he had been threatened on several occasions with retaliation if he filed the grievance. Approximately two weeks later, on March 7, 2012, defendant Haney allegedly came to the plaintiff's cell and, while the plaintiff was in the shower, generally mishandled and abused the plaintiff's legal work. Upon return to his cell, the plaintiff noticed that some of his legal work was missing and that the earlier grievance he had filed relative to the LSP mental health care system had been torn up and placed in the cell toilet. When defendant Haney later made rounds on the plaintiff's cell tier, the plaintiff inquired about the abuse of his legal work, and defendant Haney responded that if the plaintiff did not stop "running his mouth", the plaintiff would get more than his legal work destroyed. The plaintiff further complains that defendant Haney's conduct in throwing the plaintiff's prior grievance into the cell toilet caused the plaintiff to "abandon that complaint". Finally, the plaintiff asserts that he filed an administrative grievance relative to the actions of defendant Haney, but defendant Trish Foster, the Legal Programs Director at LSP, allegedly intentionally refused to respond to the plaintiff's grievance in a timely manner, thereby obstructing the plaintiff's access to the courts.

The plaintiff's allegations fail to rise to the level of a constitutional violation. First, with regard to defendant Haney, the plaintiff's allegations may be interpreted as asserting claims that defendant Haney destroyed or damaged the plaintiff's property, that she did so in retaliation for the plaintiff's filing of a prior grievance, and that her actions obstructed the plaintiff's access to the courts.

First, with regard to the mere destruction and/or taking of the plaintiff's legal work, i.e., his

property, the law is clear that a claim that an inmate has been deprived of property without due process of law is not one which is properly asserted in this Court. Specifically, random and unauthorized deprivations of property by state officials do not violate the federal constitution if an adequate post-deprivation state remedy exists. Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); Hudson v. Palmer, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 383 (1984). Moreover, it is recognized that Louisiana law provides ample legal remedies under which the plaintiff could have proceeded against the defendants for recovery of his property or for reimbursement for its loss, see Marshall v. Norwood, 741 F.2d 761 (5th Cir. 1984). Accordingly, the plaintiff's claim in this regard must be rejected.

The plaintiff next asserts that defendant Haney's conduct in abusing his legal work was motivated by retaliatory animus in response to the plaintiff's filing, two weeks previously, of an administrative grievance against prison officials. In this regard, the law is clear that the taking of action against an inmate because of the inmate's exercise of his First Amendment right to complain to supervisory officials about the alleged wrongful conduct of prison security officers is a violation of the inmate's constitutional rights. Ruiz v. Estelle, 679 F.2d 1115 (5th Cir.), opinion amended in part and vacated in part, 688 F.2d 266 (1982), cert. denied, 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983); Gibbs v. King, 779 F.2d 1040 (5th Cir.), cert. denied, 476 U.S. 1117, 106 S.Ct. 1975, 90 L.Ed.2d 659 (1986). However, inasmuch as claims of retaliation are not favored, it is the plaintiff's burden to provide more than mere conclusory allegations of retaliation:

> To state a claim of retaliation an inmate must ... be prepared to establish that but for the retaliatory motive the complained of incident ... would not have occurred. This places a significant burden on the inmate.... The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred.

Woods v. Smith, supra, 60 F.3d. at 1166. Further, in order to make a showing of a constitutional violation, the plaintiff must allege more than a de minimis or inconsequential "retaliatory adverse act", i.e., he must allege conduct that "is capable of deterring a person of ordinary firmness from further exercising his constitutional rights." Morris v. Powell, 449 F.3d 682 (5th Cir.), cert. denied, 549 U.S. 1038, 127 S.Ct. 596, 166 L.Ed.2d 443 (2006).

Applying this standard in the instant case, it appears that the plaintiff has failed to sufficiently allege a claim of retaliation against defendant Haney relative to the alleged conduct of March 7, 2012. Specifically, the plaintiff provides no more than a conclusory assertion that he believes that the defendant's conduct was motivated by retaliatory animus, and he provides no chronology of events from which a retaliatory motive may plausibly be inferred. Although he asserts that he filed a grievance two weeks before the events of March 7, 2012, in which grievance he allegedly referred to supposed threats of future retaliation, he does not allege that defendant Haney issued the referenced threats, was aware of the prior grievance, or had any direct involvement with the LSP mental health department so as to have motivation to retaliate for a grievance filed relative thereto. Further, the plaintiff does not allege that defendant Haney acknowledged any retaliatory motive when he confronted her later that day about the incident. To the contrary, the defendant threatened further action against the plaintiff only if he did not stop "running his mouth". Finally, even if defendant Haney's conduct was in fact retaliatory, the Court finds that the defendant's conduct amounted to no more than a de minimis or inconsequential "retaliatory adverse act". See, e.g., Howell v. Quarterman, 2008 WL 4724486 (S.D. Tex., October 24, 2008) (holding that an alleged retaliatory search, five days after the filing of a complaint, was not an adverse act that was more than de minimis); Green v. Hamilton, 2007 WL 2815643 (W.D. Tex., Sept. 25, 2007) (same); Ali v. Jones, 2007 WL 2141381 (S.D. Tex., July 19, 2007) (same). Accordingly, the plaintiff's claim relative to the alleged retaliation of defendant Haney in connection with the events of March 7, 2012, is frivolous as a matter of law and must be dismissed.

Finally, the plaintiff asserts that, by destroying or taking the plaintiff's legal work on March 7, 2012, defendant Haney interfered with the plaintiff's constitutional right to seek access to the courts. In this regard, a substantive right of access to the courts has long been recognized. Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). Access to the courts is incorporated into the First Amendment's right to petition the government for redress of grievances. Wilson v. Thompson, 593 F.2d 1375 (5th Cir. 1979). In its most obvious and formal manifestation, this right protects an inmate's physical access to the courts. Thus, for example, prison officials may

not block or refuse to transmit, through procedural devices, the transmission of legal documents which prisoners wish to send to the courts.  Nor can they take other actions -- such as confiscating or destroying legal papers -- that would have a similar effect.  Crowder v. Sinyard, 884 F.2d 804 (5th Cir. 1989), cert. denied, 496 U.S. 924, 110 S.Ct. 2617, 110 L.Ed.2d 638 (1990).  An inmate's right to complain, however, is limited to the making of non-frivolous complaints involving the assertion of legitimate constitutional rights, Johnson v. Rodriguez, 110 F.3d 299 (5th Cir. 1997).  Moreover, in order to prevail on a claim of the denial of meaningful access to the courts, the law is clear that some showing of actual prejudice caused by the challenged conduct must be made.  Crowder v. Sinyard, supra, citing Howland v. Kilquist, 833 F.2d 639 (7th Cir. 1987).

     In the instant case, the plaintiff attempts to show prejudice by asserting that the earlier grievance which he had filed, relative to alleged inadequacies in the LSP mental health program, was "abandoned" because defendant Haney tore up the plaintiff's copy of the grievance and threw it into the toilet.  This contention, however, is not persuasive.  By the plaintiff's own admission, he had already submitted the prior grievance to prison officials and, accordingly, that grievance was formally in process, awaiting a response from prison officials.  In the normal course of events, the plaintiff would have received a written response and, upon completion of the administrative process, could have pursued his claim in state or federal court.  The plaintiff fails to explain why he needed his retained duplicate copy of the grievance in order to complete the administrative process.  The plaintiff was fully aware of the facts upon which the destroyed grievance was based and cannot, therefore, credibly show any prejudice resulting from defendant Haney's conduct.  Further, the plaintiff has failed to allege any other prejudice which he suffered as a result of the defendant's actions.  Accordingly, in the absence of any factual allegations reflecting prejudice or detriment suffered in fact by the plaintiff as a result of the defendant's alleged wrongful conduct, the plaintiff has failed to state a claim of the violation of his constitutional rights in this regard.

     Finally, the plaintiff complains that he filed an administrative grievance relative to the alleged wrongdoing of defendant Haney, but his grievance was intentionally disregarded by defendant Trish Foster.  The plaintiff also asserts that this conduct was retaliatory and resulted in interference with

his right to seek access to the courts. For similar reasons, however, this claim must be dismissed. In the first place, the plaintiff's assertion that defendant Foster's conduct was motivated by retaliatory animus is entirely conclusory, and the plaintiff provides no facts from which the Court may infer that defendant Foster failed to respond to the plaintiff's grievance merely because of one or more other grievances filed by the plaintiff. Nor does the Court find that the defendant's alleged failure to timely respond to the plaintiff's administrative grievance was anything more than a <u>de minimis</u> retaliatory adverse act. Finally, the plaintiff is unable to show any prejudice resulting from defendant Foster's conduct. By the express terms of the rules applicable to administrative remedies, the plaintiff was authorized to proceed to the Second Step of the two-step administrative process upon the failure of defendant Foster to provide a timely response at the First Step. <u>See</u> 22 La. ADC, Part I, § 325(J)(4). Thus, the plaintiff was not prejudiced in any way by the defendant's failure to respond to the referenced grievance because he was able to fully complete the administrative process without any response whatever from the defendant.

RECOMMENDATION

It is recommended that the plaintiff's action be dismissed as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(g) and 1915A.[1]

Signed in Baton Rouge, Louisiana, on November 10, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[1] Note that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."